# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE L. MCFARLAND,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
AT-0752-11-0431-I-3

DATE: March 18, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Kevin Smith</u>, Jacksonville, Florida, for the appellant.

<u>Eva M. Bridges</u>, Pensacola, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal based on her failure to maintain eligibility for a security clearance. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  Effective January 21, 2011, the agency removed the appellant from her position based on her failure to maintain eligibility for a security clearance. MSPB Docket No. AT-0752-11-0431-I-1, Initial Appeal File (I-1 IAF), Tab 5 at 29-33, 40-42. The appellant filed an appeal and the administrative judge convened a hearing limited to oral argument because there were no material facts in dispute. *McFarland v. Department of the Navy*, MSPB Docket No. AT-0752-11-0431-I-3, Initial Decision (ID) at 1-2; MSPB Docket No. AT-0752-11-0431-I-3, Initial Appeal File, Tab 5. Based on the Federal Circuit's decision in *Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013), *cert. denied sub nom. Northover v. Archuleta*, 134 S. Ct. 1759 (2014), the administrative judge found that he lacked the authority to review the reasons behind the agency's revocation of the appellant's eligibility and he sustained the charge and affirmed the removal. ID at 2-4. He further found that he lacked the authority to consider the appellant's affirmative defenses of race, age, religion, and sex discrimination. ID at 4-5.

¶3  In an appeal of an adverse action under 5 U.S.C. § 7513 based on the denial, revocation, or suspension of a security clearance, the Board does not have the authority to review the substance of the underlying security determination. *Ryan v. Department of Homeland Security*, 121 M.S.P.R. 460, ¶ 5 (2014), *overruled on*

*other grounds*, *Freeze v. Department of Navy*, 122 M.S.P.R. 179 (2015). Rather, the Board only has the authority to review whether: (1) the appellant's position required a clearance; (2) the clearance was denied, revoked, or suspended; and (3) the employee was provided with the procedural protections required by 5 U.S.C. § 7513. *Id.*

¶4 According to the record, the appellant occupied the position of Medical Records Technician (OA) in classification series 0675. I-1 IAF, Tab 5 at 29. While her position may not have always required eligibility for a security clearance, as of the date the agency issued the notice of proposed removal, her position required her to "be able to obtain and maintain eligibility for a Security Clearance." *See id.* at 82-84; *see also* I-1 IAF, Tab 5 at 44, 46, 48-49. The agency notified the appellant of its intent to revoke her eligibility on September 25, 2009. I-1 IAF, Tab 5 at 67-70. The agency issued its notice of a final revocation on February 28, 2010, *id.* at 60-61, and the agency issued an adverse decision on her appeal of the revocation on August 30, 2010, *id.* at 55-56. The notice of proposed removal gave her 30 days' advance written notice of the reasons for the proposed action and provided her with notice of her right to representation, her right to review the material relied upon, and her right to submit evidence and reply to the proposal. *See* 5 U.S.C. § 7513(b)(1)-(b)(3); *see also* I-1 IAF, Tab 5 at 40-41. The agency also provided the appellant with a written notice of removal containing the reasons for the removal. *See* 5 U.S.C. § 7513(b)(4); *see also* I-1 IAF, Tab 5 at 31-33. We agree with the administrative judge that the agency proved its charge and met the requirements of 5 U.S.C. § 7513.

¶5 The appellant also has a right to the procedures that follow from constitutional due process, namely notice of the grounds in support of the agency's action and a meaningful opportunity to invoke the discretion of a deciding official with the authority to select an alternative outcome, to the extent that such alternatives are permitted, feasible, and within management's purview.

*See Grimes v. Department of Justice*, [122 M.S.P.R. 36](#), ¶ 7 (2014); *see also Ryan*, [121 M.S.P.R. 460](#), ¶ 6. However, in the absence of a statute or regulation requiring the agency to consider reassigning the employee to a nonsensitive position, the Board lacks the authority to review whether such a reassignment would have been feasible. *Ryan*, [121 M.S.P.R. 460](#), ¶ 9. As the administrative judge correctly found, there is no evidence that the agency is bound by a statute, regulation, binding agency policy, or contractual provision to consider reassigning to a nonsensitive position an employee who has lost eligibility for a security clearance. ID at 4; *see* I-1 IAF, Tab 5 at 53.

¶6        On review, the appellant argues that the agency detailed her to a nonsensitive position while her removal was pending and it could have continued to employ her in a nonsensitive position instead of removing her. Petition for Review File, Tab 1 at 1. She further asserts that her position description did not always contain a requirement that the incumbent hold a security clearance. *Id.* As noted above, however, the appellant has no right to be considered for reassignment to a nonsensitive position because she has not established the existence of a statute, regulation, or binding agency policy that affords her that right. Therefore, the Board may not review the agency's decision not to continue to employ the appellant in her detailed position. Moreover, although the record reveals that the agency made some changes in personnel security to better safeguard confidential patient information, which included requiring more employees to maintain eligibility for a security clearance, the record is clear that the appellant's position required her to maintain such access when the agency proposed her removal. Further, given the number of positions affected by the agency's decision to expand the number of employees required to maintain access, *see* I-1 IAF, Tab 5 at 44-51, there is nothing to suggest that the appellant was singled out or that the decision to include her position was made for reasons personal to her.

¶7        With her petition for review, the appellant submits a number of documents that she asserts support her two arguments.  Even if the documents were not available prior to the close of the record below, they are not material to the outcome of this appeal and we have not relied upon them.  *Cf. Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.